UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RODRICK FEDAL WILSON, | Case No.: 16-12111 |
| Plaintiff, | Davis M. Lawson |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Stephanie Dawkins Davis United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

**I.    PROCEDURAL HISTORY**

On June 9, 2016, plaintiff Rodrick Fedal Wilson filed the instant suit. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge David M. Lawson referred this matter to the undersigned for the purpose of reviewing the Commissioner's unfavorable decision. (Dkt. 4). On March 31, 2017, the undersigned issued an Order to Show Cause why the case should not be dismissed based on plaintiff's failure to serve the summons and complaint in this matter. (Dkt. 7). Plaintiff's counsel timely responded to the Order, stating that the failure to serve the summons and complaint was attributable to the inadvertence of plaintiff's counsel. (Dkt. 8). On November 8, 2017, the Court issued a scheduling order which required plaintiff to file his motion for summary judgment no later

than December 8, 2017. (Dkt. 13). On March 2, 2018, when no motion had been filed, the Court issued an Order to Show Cause why plaintiff's complaint should not be dismissed for failure to comply with the scheduling order requiring the filing of a motion for summary judgment some three months prior. (Dkt. 14).

As of the date of this Report and Recommendation, plaintiff has neither filed his motion for summary judgment, nor filed a response to the Court's March 2018 Order to Show Cause. Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against the Commissioner be **DISMISSED** under Federal Rule of Civil Procedure 41(b).

## II. ANALYSIS AND RECOMMENDATION

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or to comply with an order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott*

*Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang*, *Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

On balance, these factors weigh in favor of dismissal here. With respect to the first factor, even after the Court warned Wilson that failure to file his motion would result in dismissal of his case, Wilson failed to either file his motion or explain to the Court his inability to do so. Thus, given the Court's explicit reminder, while it is not clear that Wilson's failure to respond was committed in bad faith, it cannot be said that the omission was a mere oversight, and in any event is "certainly willful and with fault." *Saleh v. Comm'r of Soc. Sec.*, 2015 WL 1130995, at *2 (E.D. Mich. Mar. 12, 2015) (quoting *Morley v. Comm'r of Soc. Sec.*, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013)).

As to the second factor, "defendants cannot be expected to defend an

3

action," that plaintiff has "apparently abandoned." *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008). In this regard, the defendant is left to defend this matter without any clue as to plaintiff's legal analysis supporting his claim(s) of error in the administrative proceedings. Plaintiff's sole allegation concerning error states, "The conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation and the Administrative Law Judge abused his discretion and committed an error of law." (Dkt. 2, Complaint at ¶ 7). Requiring defendant to commit the time and resources necessary to address every potential error for arguments not made is both inefficient and unmindful of the manpower costs - which are not unlimited - of such an exercise. Imposing what, in this context, may be a somewhat intangible cost upon defendant is nevertheless prejudicial to the Commissioner's ability to craft a defense. Therefore, the first and second factors weigh in favor of dismissal.

Moreover, based on the warning given to plaintiff, the third factor also supports dismissal. This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal and failed to comply with court orders without explanation, where defendants expended resources on an abandoned action and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). Plaintiff failed to file a motion for summary judgment pursuant to the Court's scheduling order. (Dkt. 13). The Court

then warned plaintiff in March 2018 that a failure to respond to the show cause order or file a motion for summary judgment "**will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b).**" (Dkt. 14) (emphasis in original). As noted above, the Court's warning regarding the consequences of failing to file a motion for summary judgment followed an earlier warning for dismissal based on plaintiff's failure to serve the summons and complaint. The latter warning was heeded; the former was not. Indeed, despite the Court's clear warning, plaintiff has provided no reason as to why the undersigned should not recommend dismissal of his case. *See Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013).

    Finally, given the need for an order to show cause in March 2017 to prompt plaintiff to simply serve process on the Commissioner, followed by plaintiff's failure to heed the Court's scheduling order, and his subsequent failure to respond to the Court's March 2018 order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, on the whole, these factors support dismissal for failure to prosecute. "This outcome is consistent with the prevailing practice throughout this circuit." *Tabor v. Comm'r of Soc. Sec.*, 2016 WL 9149515, at *1 (E.D. Mich. Sept. 26, 2016) (collecting cases dismissing Social

Security plaintiff's case due to failure to prosecute under Rule 41(b)). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck* 2013 WL 511031, at *2; *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

The undersigned concludes that, for the reasons discussed above, plaintiff has effectively abandoned his case against the Commissioner by failing to file a motion for summary judgment as ordered, and by failing to comply with the show cause order of the Court. Under these circumstances, dismissal is appropriate.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's case be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

6

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

 Date:  May 30, 2018                                                s/Stephanie Dawkins Davis
                                                                                 Stephanie Dawkins Davis
                                                                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on May 30, 2018, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov